E-FILED
Tuesday, 08 June, 2010  01:51:25 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **ROBERT MICHAEL QUINLAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. 10-CV-2044** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION

Petitioner, Robert Michael Quinlan, filed this Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (#1) on March 4, 2010.  The government filed its Response (#3) on April 6, 2010.  For the reasons stated below, Petitioner's Petition (#1) is DENIED.

BACKGROUND

Petitioner plead guilty to one count of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846.  Petitioner's plea came on Friday, September 7, 2007, just three days before the scheduled start of Petitioner's jury trial on Monday, September 10, 2007.  The Pre-Sentence Report recommended a base offense level of 32, holding Petitioner accountable for 151.2 grams of methamphetamine, a marijuana equivalency of 1,512 kilograms.  Two levels were added to the base offense level for unlawful transportation and disposal of hazardous waste.  Four more levels were added due to Petitioner's role in the offense as an organizer or leader.  Finally, the PSR declined to reduce Petitioner's offense level for acceptance of responsibility because "he did not

enter his guilty plea in a timely manner ... [and did not] truthfully admit the total conduct for which

he is accountable." This left Petitioner with a total offense level of 38 and, when combined with a

criminal history category of II, resulted in a sentencing guidelines range of 262 to 327 months.

Before the February 13, 2008 sentencing hearing, Petitioner filed two objections to the PSR:

(1) the PSR's calculation of the total quantity of methamphetamine he was responsible for and (2)

the PSR's characterization of Petitioner as an organizer/leader. After hearing testimony from

government witnesses, the court overruled both of Petitioner's objections and adopted the contents

of the PSR as to its findings. The court also found that the denial of credit for acceptance of

responsibility was appropriate, since Petitioner had only plead guilty at the last minute before trial.

During his allocution, Petitioner blamed his various medical problems for his methamphetamine

addiction, blamed his lawyer for his failure to plead guilty earlier, and did not offer an apology or

show any remorse for his conduct.

The court imposed a 262 month sentence, but in doing so noted if it had given Petitioner

credit for acceptance of responsibility, his guidelines range would have been 210 to 262 months.

The court stated that it would have sentenced Petitioner to 262 months regardless of which of the

two ranges applied. The court said its decision regarding the acceptance of responsibility adjustment

did not make any difference at all in the sentence it decided to impose and that 262 months was the

lowest sentence it could give under these facts and circumstances. The court told Petitioner he could

have easily received a higher sentence, as Petitioner still did not take any responsibility for his

actions and did not believe he harmed anyone.

On direct appeal, Petitioner claimed this court committed error in refusing to lower his

guidelines range by two levels for acceptance of responsibility. The Seventh Circuit rejected this

contention, holding:

> "In any event, the proposed error would have been harmless.  The court expressly stated that, even if Quinlan had received a reduction for acceptance of responsibility, it would have imposed the same sentence.  As the court explained, the two-level reduction would have resulted in a range of 210 to 262 months, and given the court's view of the seriousness of the crime, it still would have sentenced Quinlan to 262 months of imprisonment.  An error in the court's guidelines calculation is harmless if it did not affect the court's ultimate selection of the sentence imposed."  United States v. Quinlan, 304 Fed. Appx. 460, 462 (7th Cir. 2008).

## ANALYSIS

In his § 2255 petition, Petitioner's sole contention is that his trial counsel was ineffective for failing to communicate with him in order for him to plead guilty in a timely manner.  He claims he called counsel a number of times and would have plead guilty earlier if counsel would have returned his phone calls, which would have led to Petitioner receiving credit for acceptance of responsibility.

To establish ineffective assistance of counsel, Petitioner must prove that his counsel performed in a deficient manner and that the deficiency prejudiced him.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Courts entertain a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and is sound trial strategy.  Strickland, 466 U.S. at 689.  To show prejudice, Petitioner must show that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 694.

Petitioner has failed to satisfy the prejudice prong of the Strickland test.  This court stated

at sentencing that, due to the facts and circumstances of the case and Petitioner's failure to accept

responsibility for his actions, Petitioner would have received the same sentence, 262 months, even

if he had received the two-level credit for acceptance of responsibility.  Quinlan, 304 Fed.Appx. at

462.  Therefore, since Petitioner cannot prove that the outcome of the proceeding would have been

different but for counsel's alleged errors, Petitioner has shown no prejudice and thus cannot show

ineffective assistance of counsel.  Strickland, 466 U.S. at 694.  Petitioner's § 2255 Petition must be

DENIED.

　　　　IT IS THEREFORE ORDERED:

　　　　(1) Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

By a Person in Federal Custody (#1) is DENIED.

　　　　(2) Further, a Certificate of Appealability is DENIED, as Petitioner has not made a

substantial showing of a denial of constitutional right.  See 28 U.S.C. § 2253(c)(2); Rule 11(a),

Rules Governing § 2255 Cases.

　　　　(3) This case is terminated.

　　　　　　　　　ENTERED this __8th__ day of June, 2010

　　　　　　　　　　　**s/ Michael P. McCuskey**
　　　　　　　　　　MICHAEL P. McCUSKEY
　　　　　　　　　CHIEF U.S. DISTRICT JUDGE